# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MICHAEL A. WOLFENBARGER,** *et al.*,

    **Plaintiffs,**

v.

**Civil Action 2:17-cv-1104**
**Judge Michael H. Watson**
**Magistrate Judge Elizabeth P. Deavers**

**ROBERT BLAIR,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

On December 15, 2017, Plaintiffs Michael A. Wolfenbarger and Jeffrey A. Woods commenced this action, but failed to pay the requisite $400 filing and administrative fee, instead submitting an application to proceed *in forma pauperis*. (ECF No. 1.) On January 11, 2018, the Court issued an Order, noting, *inter alia*, that Plaintiff Woods failed to submit both the statutorily-required affidavit and a certified copy of his trust fund account statement. (ECF No. 5). In light of the represented difficulties in obtaining a certified copy of the trust fund account statement, the Court directed Plaintiff Woods to either pay the full filing fee or to submit within thirty (30) days the Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees and an affidavit signed by a notary or a declaration that specifically details Plaintiff Woods' request(s) for the required trust fund statement from the prison cashier. (*Id*. at 2.) The Court specifically advised Plaintiff Woods that failure to comply with the Order would result in dismissal of his claims for failure to prosecute. (*Id*.)

1

More than thirty (30) days have passed since the Court issued the Order (ECF No. 5) and Plaintiff Woods has failed to either pay the full filing fee or to submit the required documentation detailed above despite being warned of the consequences of failing to do so. Moreover, in contract to his Co-Plaintiff Wolfenbarger, Plaintiff Woods has not moved for an extension of time to comply with the Court's Order. (*See* ECF No. 9.) Accordingly, it is **RECOMMENDED** that Plaintiff Woods' claims be dismissed for failure to prosecute.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: February 22, 2018  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE